UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANA CURTIS,

        USDC Case No. 2:14-cv-10934

    Plaintiff,        Hon.

vs.

STATE FARM FIRE AND CASUALTY COMPANY,    OCCC Case No. 14-138330-CZ
a foreign corporation, and KAREN DAMASKE,    Hon. Michael Warren

    Defendants.

---

| | |
|---|---|
| **ERNEST L. JARRETT (P29770)** | **CARY R. BERLIN (P64122)** |
| **ERNEST L. JARRETT P.C.** | **PAUL H. JOHNSON, JR. (P26871)** |
| Attorney for Plaintiff | **PATRICK, JOHNSON & MOTT, P.C.** |
| 65 Cadillac Square Suite 2100 | Attorneys for Defendants |
| Detroit, Michigan 48226 | 27777 Franklin Road, Suite 1400 |
| (313) 964-2002 | Southfield, Michigan 48034 |
| | (248) 356-8590 |

---

## DEFENDANTS' NOTICE OF REMOVAL

The Defendants, State Farm Fire and Casualty Company ("State Farm") and Karen Damaske, through their attorneys, Patrick, Johnson & Mott, P.C., remove the above action from the Oakland County Circuit Court to this Court pursuant to 28 U.S.C. § 1446, based upon the following grounds:

1. This is the second summons and complaint filed by the Plaintiff in this matter.

2. The first lawsuit was removed to this Court by the then sole Defendant, State Farm, where it was assigned to United States District Judge Marianne O. Battani. (Docket No. 1 in Case No. 2:13-cv-15052).

3. Before State Farm could file its motion for partial dismissal pursuant to Fed. R. Civ. P. 12(b)(6), but after its counsel sought concurrence in the Motion from the Plaintiff's attorney

pursuant to L.R. 7.1 (**Exhibit "A"**), the Plaintiff voluntarily dismissed the case without prejudice. (Docket No. 3 in Case No. 2:13-cv-15052).

4. More than one month later, this action was then filed in the Circuit Court for the County of Oakland, State of Michigan [Docket 14-138330-CZ], and is now pending in that Court. Process, including a Summons and Complaint, was served upon the Defendants on or about February 18, 2014. Copies of all process and pleadings served upon the Defendants are attached as **Exhibit "B."**

5. State Farm is now, and was at the time of the commencement of this action, a corporation organized and existing under the laws of the State of Illinois, having its principal place of business located in the City of Bloomington, State of Illinois. State Farm is, therefore, a citizen of the State of Illinois, and is not a citizen or corporation of the State of Michigan.

6. The Plaintiff is, and was at the time of the matters giving rise to this matter, a citizen of, and was domiciled in Oakland County, Michigan, as evidenced by Paragraph 1 of her Complaint (**Exhibit "B"**).

7. For the reasons set forth below, Defendant Karen Damaske, a Michigan resident, has been improperly joined to this action for the sole purpose of destroying diversity.

8. However, and pursuant to well-established Michigan authority, there are no colorable causes of action alleged in the Complaint against Ms. Damaske.

9. Both Defendants consent to the Removal of this matter to this Court pursuant to 28 U.S.C. § 1446(b)(2)(A).

10. A controversy exists between State Farm and the Plaintiff, and the amount of controversy in this action is at least $75,000.01, exclusive of interest and costs, as evidenced by the

Plaintiff's Personal Property Inventory, which she submitted to State Farm in support of her claims under the policy (attached as **Exhibit "C"**).[1]

11. In fact, the first six pages of the personal property inventory alone claim damages in excess of $84,000.00 (**Exhibit "C"**).

12. As stated above, the first lawsuit was originally filed in the Oakland County Circuit Court and removed to this Court by State Farm.

13. Rather than attempt to add Ms. Damaske to that lawsuit after the removal, the Plaintiff elected to dismiss the first case, likely realizing that any attempt to add Ms. Damaske would have been seen as a transparent attempt to destroy diversity, particularly as there are no colorable causes of action alleged against her under any Michigan authority (*see infra*).

14. Instead, the Plaintiff voluntarily dismissed the first case and then re-filed the second lawsuit in the Oakland County Circuit Court, this time including Ms. Damaske as a co-defendant, alleging that: (1) State Farm, "acting on the advice and decisions of Defendant Damaske failed, neglected and refused to make payment on the Plaintiff's legitimate claim . . ." and that "unjustified refusal constitutes a breach of contract, and bad faith denial of Plaintiff's claims" (First Cause of Action); (2) that while "acting on behalf of defendant State Farm [,] [Damaske] wrongfully denied when she knew there is no basis in law or fact for said denial. Her conduct constitutes an intentional infliction of emotional distress" (Third Cause of Action [sic][2]); (3) Damaske "made false and misleading statements inducing Plaintiff's forbearance and thereby delaying her recovery. . .

---

[1] Defendants submit that there is no actual controversy between the Plaintiff and Ms. Damaske, as there are no colorable claims alleged against Ms. Damaske. But based on the Complaint, it appears the Plaintiff seeks the same damages against both Defendants.

[2] The Complaint skips a Second Cause of Action.

3

constitut[ing] fraud by the defendant (Fourth Cause of Action [sic]); and (4) that "Defendants, acting individually and through their agents, representatives and/or employees, negligently caused Plaintiff additional harm by its failure to promptly pay Plaintiff's claim." (Fifth Cause of Action [sic]) (**Exhibit "B"**).

15. As explained by the Sixth Circuit Court of Appeals, "[W]hen a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (C.A.6,1999). Establishing that joinder of a party is "fraudulent" requires no proof of the plaintiff's actual motive. See, 16 Moore's Fed. Prac. § 107.14[2][c] (noting that "[t]he term 'fraudulent joinder' is a bit misleading because it requires neither a showing of fraud nor joinder in one sense"); *Harris v. Great Lakes Steel Corp.*, 752 F. Supp. 244, 246 (E.D. Mich.,1990). Rather, the proper inquiry is "whether [the plaintiff] had at least a colorable cause of action against [the non-diverse defendant] in the Michigan state courts." *Jerome-Duncan*, 176 F.3d at 907, citing *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (C.A.6,1994)).

16. For there to be a colorable claim, there must be a reasonable basis for predicting that the state law might impose liability on the facts involved. *Alexander, supra* at 949. The question is "whether there was any reasonable basis for predicting that [the plaintiff] could prevail" against the non-diverse party. *Id*. "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Kent State Univ. Bd. of Trs. v. Lexington Ins. Co.*, 512 Fed. Appx. 485 (C.A.6,2013), citing *Coyne, v. Am. Tobacco Co.*, 183 F.3d 488, 492-493 (C.A.6,1999)(citing

*Alexander, supra* at 949).

17.     The Court in *Kent State* also advised that *Coyne*, *supra*, provides the relevant standard that, "[I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non removing party. All doubts as to the propriety of removal are resolved in favor of remand. *Id*. at 493 (internal quotation marks and citation omitted).

18.     Recently (in fact it was at the beginning of February 2014), in *Feller v. Medical Protective Co.*, Case No. 13-14193; 2014 U.S. Dist. LEXIS 13435, at pp. *4-7 [(E.D. Mich.,decided February 4, 2014), opinion, offered as guidance, is attached as **Exhibit "D"**], District Judge Patrick Duggan of this Court explained the relevant inquiry as follows:

> A plaintiff's fraudulent joinder of a non-diverse defendant will not defeat removal on diversity grounds. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). It is the removing party's burden to demonstrate fraudulent joinder, *id*., and this burden has been described as " 'a heavy one.' " *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 953 (6th Cir. 2011)(unpublished op.)(quoting *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003)). The removing party must demonstrate that the plaintiff lacks a "colorable cause of action" under state law against the non-diverse defendant. *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999). As alternatively described, " 'the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.' " *Alexander*, 13 F.3d at 949 (quoting *Bobby Jones Garden Apts., Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)).
>
> The Sixth Circuit has described two methods for determining whether the plaintiff states a colorable claim against the non-diverse party:
>
>> "The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to

> determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry."

*Walker*, 443 F. App'x at 952-53 (emphasis added)(quoting *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (2004)(en banc)). Regardless of which approach the district court chooses to follow, its analysis is similar to that employed when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6): the court "must resolve 'all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non-removing party.' " *Coyne*, 183 F.3d at 493 (quoting *Alexander*, 13 F.3d at 949).

Nevertheless, the standard for determining whether a non-diverse party has been fraudulently joined is not the same standard for addressing either dismissal for failure to state a claim or for summary judgment. See *In re Briscoe*, 448 F.3d 201, 219 (3d Cir. 2006). The removing party has a higher burden to demonstrate fraudulent joinder than a party has to succeed on a motion to dismiss under Rule 12(b)(6). See *Little v. Purdue Pharma, L.P.*, 227 F. Supp. 2d 838, 845-46 (S.D. Ohio 2002) (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848 (3d Cir.1992) and *Hartley v. CSX Transp., Inc.*, 187 F.3d 422 (4th Cir.1999)). As one district judge in the Sixth Circuit has explained: "[T]he benefit of the doubt given a plaintiff as part of the fraudulent joinder inquiry should be more deferential than even that given under Rule 12(b)(6)" because the decision to deny a "motion for remand where the defendant is claiming fraudulent joinder connotes that a plaintiff's claim, as to the non-diverse defendants, has no basis in law or reason." *Little*, 227 F. Supp. 2d at 846-47; see also *Batoff*, 977 F.2d at 852 (holding that a party is not fraudulently joined if the claims against the party are not "wholly insubstantial and frivolous").

19. Here, the Defendants submit that they can meet the "heavy burden" of proving that Ms. Damaske's inclusion as a Defendant in this matter constitutes a fraudulent joinder.

6

20. Initially, the Plaintiff's motives for adding Ms. Damaske to this suit can be gleaned from the fact that, but for identifying her by name, the second complaint is identical to the first complaint filed by the Plaintiff, including the typographical and other errors that are contained in both complaints (see, i.e., (1) the failure to include a second cause of action; (2) the fact that paragraph 14 of the first complaint and paragraph 15[3] of the second complaint both state that "Plaintiff repeats and realleges the facts and set forth in paragraphs **1-10**, and incorporates them by reference as if fully set forth herein;" (3) the fact that paragraph 16 of the first complaint and paragraph 17 of the second complaint both state that "Plaintiff repeats and realleges the facts and set forth in paragraphs **1-10**, and incorporates them by reference as if fully set forth herein;" (4) the allegations in Paragraphs 12, 17 and 19 of the first complaint are identical to the allegations in Paragraphs 13, 18 and 20 of the second complaint, except that in the second complaint, Ms. Damaske is specifically named; and (5) the same damages are sought in both complaints *ad damnum* clauses. (First Complaint attached as **Exhibit "E;"** Second Complaint attached as **Exhibit "B"**).

21. Clearly, if the Plaintiff thought there were colorable claims against Ms. Damaske, she would have been named in the first suit, as there are no additional allegations against her in the second suit, other than literally naming her personally, while State Farm was sued in the first lawsuit for the alleged actions of its employees, representatives and agents (State Farm submits it is the only proper party to be sued for such allegations, although they still lack merit).

22. Initially, and at all times material hereto, Ms. Damaske was the agent of a fully-disclosed principal; to-wit, State Farm, shielding her from any liability in this matter, as the tort

---

[3]The paragraphs are not identically numbered because the jurisdictional allegation against Ms. Damaske added one introductory paragraph to the second complaint.

claims all lack merit, *see infra*.

23. Moreover, and as set forth above, the allegations in the First, Third, Fourth and Fifth Causes of Action are not sustainable against either Ms. Damaske or State Farm, and State Farm was about to file a motion for partial dismissal under Fed. R. Civ. P. 12(b)(6) when the first lawsuit was dismissed. The well-established Michigan authority clearly demonstrate that the Third, Fourth and Fifth Causes of Action, as well as all claims for "bad faith," all lack merit and should be dismissed as to both Defendants.[4]

24. Specifically, Michigan appellate courts have consistently refused to recognize an actionable independent action based on a alleged bad faith breach of an insurance contract. *Kewin v. Mass. Mut. Life Ins. Co.*, 409 Mich. 401; 295 N.W.2d 50, 56 (1980) and *Runions v. Auto-Owners Ins. Co.*, 197 Mich. App. 105; 495 N.W.2d 166 (1992). In fact, when addressing this issue in *Runions, supra*, the Michigan Court of Appeals explained:

> In this case, the only conduct alleged by Plaintiff as being tortious is Defendant's failure to pay the claim. The facts fall "far short of the conduct which is considered tortiously outrageous." At most, it attempts to plead the non-existent tort of bad-faith handling of an insurance claim. *Id*. at 168 (emphasis added)(internal citations omitted).

See also, *Jennings v. Nationwide Mut. Fire Ins. Co.*, No. 11-14439; 2011 U.S. Dist. LEXIS 131095, at p.* 5 (E.D. Mich. Nov. 14, 2011, Judge P. Duggan)(Michigan courts—and federal courts applying Michigan law— have long held that breach of an insurance contract, even if done in bad faith, does not give rise to a separate and independent tort claim).

25. Further, the alleged conduct of "wrongfully denying her claim," fails to allege any

---

[4] State Farm also submits that based on the dismissal and re-filing of the Complaint, the Plaintiff's entire lawsuit is now subject to a dismissal with prejudice.

"outrageous" conduct that "truly shocks the conscience," as required to establish a claim for intentional infliction of emotional distress. See, i.e., *Lewis v. LeGrow*, 258 Mich. App. 175, 196; 670 N.W.2d 675 (2003)(citations omitted).

26. In addition, Ms. Damaske's actions cannot support a claim for fraud, as the claim is not pled with particularity against her as required by Fed. R. Civ. P. 9(b), but also because the complaint fails to allege tortious conduct occurring separately and distinctly from the underlying breach of contract allegations, and because the Plaintiff cannot, as a matter of law, establish the necessary elements to maintain such a claim against her, as she could not have relied on anything Ms. Damaske allegedly said with respect to what was and was not covered under the policy of insurance (due to the Plaintiff having access to the same information, see *Cooper v ACIA*, 481 Mich. 399, 414; 751 N.W.2d 443 (2008)), and because anything Ms. Damaske may have said about her opinion as to the facts of loss, the cause of the damages, the coverage available under the policy, or in ultimately believing the claim was not covered, are all either statements of opinion which the courts have precluded from supporting claims of misrepresentation (see, i.e., *Van Tassel v. McDonald Corp.,* 159 Mich. App. 745, 750; 407 N.W.2d 6 (1987)), or involved matters of law which cannot form the basis of a claim for fraud (see *Krushew v. Meitz,* 276 Mich. 553, 558; 268 N.W. 736 (1936). See also, *Henderson v. State Farm Fire & Cas. Co.*, 460 Mich. 348, 353-354; 596 N.W.2d 190 (1999)(the interpretation of an insurance policy is for the court to decide).

27. The Plaintiff's negligence claims against Ms. Damaske must also fail, as the allegations all concern Ms. Damaske and State Farm's actions in investigating and ultimately denying her claim. Those claims can only give rise, if at all, to a claim for breach of contract, not a claim for negligence (or any other tort). The Michigan courts have routinely held that such claims

cannot support an independent action in tort, as they are not separate and distinct from the underlying breach of contract claim. See, i.e. *Futz v. Union-Commerce Associates*, 470 Mich. 460, 467, 683 N.W.2d 587 (2004). See also, *Spengler v. ADT Security Services, Inc.*, 505 F.3d 456, 457-458 (2007), wherein the Sixth Circuit Court of Appeals explained that, "[U]nder Michigan law, in order for an action in tort to arise out of a breach of contract, the act must constitute (1) a breach of duty separate and distinct from the breach of contract, and (2) active negligence or misfeasance." The Court also noted that the, "duty prong is the threshold inquiry." *Id*. at 458.

28. The Defendants submit that, if this case remanded to the state court, they would be entitled to have the claims against Ms. Damaske dismissed as a matter of law, and assuming that occurred within one year of the suit being filed, State Farm would be entitled to remove the case to this Court at that time pursuant to 28 U.S.C. § 1446(b)(3) and 28 U.S.C. § 1446(c)(1).

29. Accordingly, there are no colorable claims against Ms. Damaske contained in the Plaintiff's new complaint, so she should be dismissed from the suit and this Court should retain jurisdiction over the matter. See, i.e., *Jerome Duncan, supra*.[5]

30. It is clear that the Plaintiff does not want to have her case heard in this Court. Her reasons for this are unknown.

31. However, what is clear is that she dismissed her first lawsuit instead of filing an amended complaint naming Ms. Damaske as a defendant because she knew that this Court would have prevented such an amendment as a transparent attempt to destroy diversity.

32. Instead, the Plaintiff dismissed the first suit and filed the exact same complaint in the

---

[5]State Farm will be filing a motion for full dismissal of the suit pursuant to Fed. R. Civ. P 12(b)(6) and/or 12(c) immediately after this Notice of Removal is filed.

state court, adding Ms. Damaske's name to some of the existing allegations, as an attempt to keep this matter from being heard in this Court.

33. Whatever her motives, the Plaintiff's transparent attempts to keep this matter from this Court should not be permitted to succeed.

34. The Plaintiff, as a citizen of the State of Michigan, filed suit against State Farm, a foreign insurance company, seeking more than $75,000.01.

35. Accordingly, State Farm is entitled under the United States Code to have this matter heard in this Court.

36. As the above paragraphs demonstrate, it is clear that the Plaintiff's claims against Ms. Damaske are without merit, and Ms. Damaske's inclusion as a Defendant in this matter constitutes a fraudulent joinder.

37. Accordingly, the Defendants, State Farm Fire and Casualty Company and Karen Damaske, respectfully request that this Honorable Court retain jurisdiction over this matter, dismiss Ms. Damaske from the suit, and grant the Defendants all other relief to which they are entitled, including the relief sought in the Motion that will be filed immediately after this Notice of Removal is filed.

38. Based on the above, this case has been properly removed, and this Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1332.

39. The Defendants are therefore entitled to remove the above action from the Oakland County Circuit Court to this Court pursuant to 28 U.S.C. § 1446(a).

                Respectfully submitted,

                **PATRICK, JOHNSON & MOTT, P.C.**

                *s/Cary R. Berlin*
                Attorneys for Defendant
                27777 Franklin Road, Suite 1400
                Southfield, Michigan 48034
                (248) 356-8590
                cberlin@pjmpc.com
                P64122

Date: March 3, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANA CURTIS,

        Plaintiff,                              USDC Case No. 2:14-cv-10934

vs.                                                 Hon.

STATE FARM FIRE AND CASUALTY COMPANY,    OCCC Case No. 14-138330-CZ
a foreign corporation, and KAREN DAMASKE,     Hon. Michael Warren

        Defendants.

---

**ERNEST L. JARRETT (P29770)**        **CARY R. BERLIN (P64122)**
**ERNEST L. JARRETT P.C.**             **PAUL H. JOHNSON, JR. (P26871)**
Attorney for Plaintiff                   **PATRICK, JOHNSON & MOTT, P.C.**
65 Cadillac Square Suite 2100        Attorneys for Defendants
Detroit, Michigan 48226               27777 Franklin Road, Suite 1400
(313) 964-2002                          Southfield, Michigan 48034
                                         (248) 356-8590

---

## PROOF OF SERVICE

       The undersigned certifies that on **March 3, 2014,** copies of **Defendants' Notice of Removal and Proof of Service** were served upon:

Ernest Jarrett, Esq.                    Clerk of the Court
65 Cadillac Square Suite 2100       Oakland County Circuit Court
Detroit, Michigan 48226             1200 N. Telegraph Road
eljlaw@yahoo.com                   Pontiac, MI 48341
(via email, by consent)               (via e-filing)

                                                 *s/Cary R. Berlin*
                                                 PATRICK, JOHNSON & MOTT, P.C.
                                                 Attorneys for Defendants
                                                27777 Franklin Road, Suite 1400
                                                Southfield, Michigan 48034
                                                (248) 356-8590
                                                cberlin@pjmpc.com
                                                P64122