UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANA CURTIS,

        Plaintiff,

v.

STATE FARM FIRE AND CASUALTY
COMPANY, et al.,

        Defendants.
_____/

CASE NO. 2:14-cv-10934

HON. MARIANNE O. BATTANI

## OPINION AND ORDER
## GRANTING DEFENDANTS' MOTION TO DISMISS

**I.   Introduction**

This matter is before the Court on Defendants' Motion to Dismiss. (Doc. 9.) Plaintiff's complaint asserts the following causes of action against Defendant State Farm Fire and Casualty Company ("State Farm"): breach of contract, bad faith denial of an insurance claim, and negligence. (Doc. 1, Ex. B.) Against Defendant Karen Damaske, Plaintiff advances claims for intentional infliction of emotional distress ("IIED"), fraud, and negligence. Plaintiff, however, has stipulated to dismissal of the bad faith and negligence claims. Defendants argue that Defendant Damaske has been fraudulently joined in this litigation; that the breach of contract claim is untimely according to the one-year contractual period of limitation; and that the Complaint does not plead sufficient facts to support claims of IIED or fraud. (Doc. 3.) Plaintiff responds by contending that the case law governing the period of limitations is prejudicial against insurance claimants and that it is instead governed by federal procedural rules. (Doc. 8.) Plaintiff also asserts that the complaint was filed in state court and seeks leave to

amend the pleadings to comply with federal pleading standards.  For the following reasons, the Court should **GRANT** Defendants' Motion to Dismiss.

## II.  STATEMENT OF FACTS

On September 9, 2011, Plaintiff filed a claim with her home owners insurance company, State Farm, for a break-in and theft that occurred at her residence that very day.  (Doc. 3, Ex. D.)  The claim was primarily handled by claims representative Karen Damaske.  In a letter dated October 26, 2012, State Farm denied Plaintiff's claim on the grounds that she (1) made material misrepresentations concerning the extent of her loss and (2) refused to provide sworn proof of loss or requested financial documents.  (Doc. 3, Ex. A.)  The letter further stated that, in compliance with the home owners contract and Michigan law, any legal action taken against State Farm must be filed within one year of the issuance of denial, by October 25, 2013.  (Id.)  Plaintiff previously filed claims identical to those in the present case with the Oakland County Clerk on September 26, 2013.  (Doc. 3, Ex. B.)  However, when the case was removed to federal court, Plaintiff voluntarily dismissed it on December 13, 2013.  (Doc. 3, Ex. C.)  Plaintiff subsequently filed the present action on January 15, 2014.  (Doc. 3, Ex. D.)

## III.  STANDARD OF REVIEW

In order to survive a motion to dismiss pursuant to Rule 12(b), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S., 544, 570 (2007)).  A claim that is plausible "pleads factual content that allows the court to draw the reasonable inference" and demonstrates "more than a sheer possibility" that the plaintiff's claim has merit.  Id.  A complaint that offers

"'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" Id. While a court must accept as true all factual allegations set forth in a plaintiff's complaint, it is not bound to accept as true a legal conclusion or a legal conclusion couched as a factual allegation. Id. All legal conclusions must be supported by the factual allegations. Id. at 679.

IV. Analysis

    A. Jurisdiction

Complete diversity does not exist among the parties in the present case, as both Plaintiff and Defendant Damaske are Michigan citizens. Defendants argue that Plaintiff has fraudulently joined Damaske in the present action for the sole purpose of destroying diversity jurisdiction. The Sixth Circuit has recognized that fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds. Coyne v. Am. Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999). To establish fraudulent joinder, it is the removing party's burden to prove that a plaintiff could not have established a cause of action against non-diverse defendants under state law. Id. Coyne further explains:

> [I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve "all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non removing party." All doubts as to the propriety of removal are resolved in favor of remand.

Id. While fraudulent joinder is unlikely to exist if a plaintiff's claim could survive a Rule 12(b)(6) motion, the removing party's burden of proving fraudulent joinder is higher than that for a motion to dismiss. See Feller v. Med. Protective Co., No. 13-14194, 2014 U.S. Dist. LEXIS 13435 at *4-7 (E.D. Mich. February 4, 2014).

3

A complaint amended post-removal cannot divest a federal court of jurisdiction. See Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939). Therefore, a court must determine the questions of jurisdiction and fraudulent joinder based on the complaint as it stands at the time of removal, regardless of any motions to amend. Such a rationale has been adopted in the Fifth Circuit. See Cavallini v. State Farm Mutual Auto Ins. Co., 44 F.3d 256, 260-61 (5th Cir. 1995). In Cavallini, plaintiffs wished to amend their complaint in order to state more clearly a claim against a non-diverse defendant. Id. at 260. The Fifth Circuit Court of Appeals affirmed the district court's judgment that at the time of removal, the state court complaint did not contain allegations that would support a claim against the non-diverse defendant. Id. ("No more need be said. As reflected above, the *complaint* fails to state a claim against Cunningham." (emphasis added)). Accordingly, the district court had properly dismissed that defendant, notwithstanding the motion to amend. Id. at 260.

Therefore, although Plaintiff seeks to amend her complaint in the present action, the Court is constrained to consider the complaint as currently drafted. As examined *infra*, no claims asserted against Defendant Damaske would survive a Rule 12(b)(6) motion to dismiss. Therefore, the Court finds that this defendant was fraudulently joined and dismisses her from the present action. Consequently, the Court has jurisdiction over the remainder of the action, as complete diversity exists.

**B. Breach of Contract**

Cases in both State of Michigan and federal district courts have enforced unambiguous one-year limitations periods contained in insurance contracts and policies. See, e.g., Vertex Int'l Mgmt. Servs. v. State Farm Fire & Cas. Co., No. 10-cv-12637,

4

2011 U.S. Dist. LEXIS 156544 at *22-23 (E.D. Mich. June 29, 2011); Rory v. Continental Ins. Co., 473 Mich. 457, 470 (2005).  Tolling of this limitations period occurs when an insured notifies the insurer of the loss, see Musleh v. State Farm Fire & Cas., No. 12-13843, 2012 U.S. Dist. LEXIS 161823 at *8 (E.D. Mich. Nov. 13, 2012), and ends when the insured mails the denial notice, Saad v. Citizens Ins. Co. of Am., 227 Mich. App. 649, 652 (Mich. Ct. App. 1998).  Tolling occurs again during the pendency of a plaintiff's lawsuit.  Yeo v. State Farm Fire & Cas. Ins. Co., 242 Mich. App. 483, 484 (Mich. Ct. App. 2000).  If such a lawsuit is dismissed, the limitations period again begins to run until a second lawsuit is filed.  Vertex, 2011 U.S. Dist. LEXIS 156544; Id. at 484-85.

In the present case, Plaintiff's insurance policy unambiguously limits actions on the contract:

> No action shall be brought unless there has been compliance with the policy provisions.  The action must be started within one year after the date of loss or damage.
>
> In the event a claim is formally denied, in whole or in part, the period of time in which a suit or action may be commenced against the company is extended by the number of days between the date the notice of the loss is provided to the company and the date the claim is formally denied.

(Doc. 3, Ex. E, p. 14.)  The denial letter reiterated this provision and further specified that any action must be commenced by October 25, 2013.  (Doc. 3, Ex. A.)

Plaintiff notified State Farm of her claim on September 9, 2011, the very day the loss occurred.  (Doc. 3, p. 10.)  Therefore, the limitations period was immediately tolled, until Defendants notified Plaintiff of the denial of her claim on October 26, 2012.  (Doc. 3, Ex. A.)  Plaintiff filed her first claim on September 26, 2013, by which point the limitations period had run for 335 days.  (Doc. 3, Ex. B.)  Upon the filing of the first

5

claim, the limitations period was tolled again until December 13, 2013, when Plaintiff voluntarily dismissed her claim. (Doc. 3, Ex. C.) Plaintiff did not file the present claim until January 15, 2014, thereby running the limitations period for another thirty-three days. (Doc. 3, Ex. D.) Consequently, the limitations period has run for a total of 368 days and therefore expired before the filing of the present claim. Although Plaintiff's claim is untimely by a mere three days, Michigan courts have nevertheless strictly enforced these deadlines. See Saad, 227 Mich. App. at 650 (although the contractual period of limitation had expired two days before suit was filed, plaintiff's complaint was found to be untimely).

Plaintiff argues that because federal procedural law applies in diversity cases, FED. R. CIV. P. 6(a) should apply, thereby adding three days to the one-year statute of limitations pursuant to M.C.L. § 500.2833. Irrespective of the statute of limitations, the limitations period at issue in the present case is contractually, not statutorily, imposed. Federal procedural rules are inapplicable to this substantive issue of contract enforcement. Even if this case involved a statute of limitations, federal courts in diversity actions have applied state statutes of limitations without regard to Rule 6(a), even where such issues have been construed as procedural. See, e.g., Cole v. Mileti, 133 F. 3d 433, 437-38 (6th Cir. 1998). Plaintiff has not cited any authority supporting her position, and the Court declines to deviate from established precedent.

Plaintiff next contends that the date of mailing rule established in Saad is prejudicial against insurance claimants and that Defendants' delivery of the denial letter to her attorney Daniel Curtis constitutes improper notice. In determining the exact duration of a tolling period upon an insurer's denial, Saad establishes that the tolling

6

period ends when the insurer mails the denial notice. 227 Mich. App. at 652 ("the emphasis is on the action taken by the insurer, not when the information is received by the insured"). Decided in 1998, Saad continues to be good law. In the absence of any indication that the Michigan Supreme Court would deviate from Saad, this Court must rely it as precedent. See Mich. First Credit Union v. CUMIS Ins. Soc'y, Inc., 641 F.3d 240, 251-52 (6th Cir. 2011). With respect to proper notice of the denial, the method of notice is immaterial in this case, as the tolling period ended when State Farm mailed the denial notice. There is no dispute here that State Farm mailed the denial notice, as Plaintiff later filed a claim on the basis of this denial.

In light of the foregoing discussion, the instant breach of contract claim is time-barred by the contractual yearlong limitations period. Accordingly, the Court dismisses this claim.

### C. IIED

Plaintiff's Complaint advances a claim of IIED against Defendant Damaske only. Plaintiff alleges in her response brief that Damaske impliedly accused her of making a fraudulent claim; required that both she and her grandchild submit to questioning by an attorney; and demanded the production of various financial documents having no bearing on her claim. (Doc. 8, p. 11.) In order to state a prima facie claim of IIED, a plaintiff must allege the following factors: (1) extreme or outrageous conduct (2) that intentionally and recklessly (3) causes extreme emotional distress. Roberts, 422 Mich. at 602. It is well-settled that liability for IIED does not extend to "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." Id. at 603. The conduct alleged by Plaintiff falls precisely into this description. Requiring an

examination under oath of an insured is not an uncommon practice within the insurance industry. See, e.g., Yeo, 242 Mich. App. at 484-85. Likewise, accusing a client of making a fraudulent insurance claim and requiring the submission of financial documents do not "shock the conscience." See Williams v. Payne, 73 F. Supp. 2d 785, 793 (E.D. Mich. 1999). Therefore, as Plaintiff has failed to state a plausible claim of IIED, the Court dismisses this claim.

### D. Fraud

Plaintiff also states a claim of fraud against Defendant Damaske, based on making "false and misleading statements inducing Plaintiff's forbearance and thereby delaying her recovery." (Doc. 1, Ex. B.) Plaintiff does not advance this claim against Defendant State Farm or allege vicarious liability. Plaintiff seeks leave to amend her complaint in order to state her fraud claim against Damaske with more particularity. (Doc. 8, p. 11.) While Plaintiff has not submitted a proposed amended complaint, her response brief embellishes the allegations supporting the fraud claim. Plaintiff alleges that she detrimentally relied upon Damaske's representation that State Farm had received documents that it later claimed were never submitted. (Id. at pp. 11-12.)

At the motion to dismiss stage, a complaint stating a claim of fraud must, at a minimum, allege who made fraudulent statements or omissions, what those statements were, when they were made, and how plaintiff relied on them to his detriment. Ybarra v. Wells Fargo, No. 2:12-cv-12293, 2013 U.S. Dist. LEXIS 21644 at *11-12 (E.D. Mich. January 19, 2013). The scant pleadings contained in Plaintiff's existing complaint are insufficient to meet this standard. As discussed above, Defendant Damaske must be dismissed from the present action on the basis of fraudulent joinder because the

8

existing complaint fails to state a plausible claim against her. Under these circumstances, Plaintiff's request for leave to amend must be denied, as amendment would be futile. See Forman v. Davis, 371 U.S. 178, 182 (1962); Henderson v. Hackel, 170 F.R.D. 430, 432 (E.D. Mich. 1997). As such, Defendant Damaske, as well as the present claim, are to be dismissed.

**V. CONCLUSION**

For the reasons discussed above, the Court **DENIES** Plaintiff's request to amend her complaint. The Court **GRANTS** Defendants' Motion to Dismiss and **DISMISSES** all claims without prejudice.

**IT IS SO ORDERED.**

Date: July 16, 2014

s/Marianne O. Battani
MARIANNE O. BATTANI
United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on July 16, 2014.

s/ Kay Doaks
Case Manager

9