UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANA CURTIS,

        Plaintiff,

                              CASE NO. 2:14-cv-10934

v.

                              HON. MARIANNE O. BATTANI

STATE FARM FIRE AND CASUALTY
COMPANY, et al.,

        Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on Plaintiff's Motion for Reconsideration. (Doc. 13). For the reasons stated below, the motion is **DENIED**.

**I.  BACKGROUND**

On January 15, 2014, Plaintiff filed claims for breach of contract, bad faith denial of an insurance claim, and negligence against Defendant State Farm Fire and Casualty Company ("State Farm"). Plaintiff also filed claims for intentional infliction of emotional distress ("IIED"), fraud, and negligence against Defendant Karen Damaske, a State Farm claims representative. Defendants subsequently filed a motion to dismiss. This Court granted the motion because it found that Damaske had been fraudulently joined and that the contractual limitations period had expired before Plaintiff filed her claim. Plaintiff stipulated to dismissal of the bad faith and negligence claims.

**II.   STANDARD OF REVIEW**

The Court will not grant a motion for reconsideration that presents the same issues ruled upon by the Court, either expressly or by reasonable implication.  E.D. Mich. L.R. 7.1(h)(3).  To obtain the relief requested, the movant must demonstrate: (1) a "palpable defect" by which the court and the parties have been misled and (2) demonstrate that "correcting the defect will result in a different disposition of the case."  Id.; see also Graham ex rel. Estate of Graham v. County of Washtenaw, 358 F.3d 377, 385 (6th Cir. 2004).  A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain.  Armstrong v. Eagle Rock Entm't, Inc., 655 F.Supp.2d 779 (E.D. Mich. 2009).

**III.   ANALYSIS**

Two of the three arguments raised in Plaintiff's Motion for Reconsideration have been presented previously and were resolved in the Court's Opinion and Order.  First, Plaintiff has already argued that State Farm's mailing of the denial notice in care of her attorney caused undue delay in the communication of the denial.  The Court found that this issue was irrelevant because case law focuses on the date of mailing and not the date of receipt of an insurance denial notice.  Second, Plaintiff presents factors contributing to her claim of IIED that were discussed at hearing.  The Court duly considered each of these factors in the Opinion.

Plaintiff's final argument concerns the application of Rule 6(a) in the computation of the limitations period contained within the homeowners' policy contract and the denial notice.  While this issue was presented at hearing, Plaintiff has now provided compelling authority for the position that Rule 6(a) is applicable when computing statutes of

limitations. Because the Court inexactly discussed this issue in the Opinion, further analysis is warranted.

The basis for the Court's decision with respect to the Rule 6(a) argument is that the limitations period is contractually, and not statutorily, imposed. Although most courts have applied Rule 6(a) when computing federal statutes of limitations, see, e.g., Allgood v. Elyria United Methodist Home, 904 F.2d 373, 377 (6th Cir. 1990), there is no similar precedent applying it to limitations periods contained in private contracts. While the Sixth Circuit has not encountered this matter, the Fifth Circuit has explicitly declined to apply Rule 6(a) under such circumstances. See Jones v. Ga. Pac. Corp., 90 F.3d 114, 117 (5th Cir. 1996). Moreover, Rule 6(a) states that it applies "in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time." It does not include within its scope time periods specified in private contracts.

Plaintiff argues that Rule 6(a) provides for the addition of three days to the computation of limitations periods for service and mailing purposes. Rule 6(d) grants such an extension of time "[w]hen a party may or must act within a specified time after service and service is made under [Rule 5] . . . ." Rule 5 governs service of all papers and pleadings subsequent to the service of the original complaint, including pleadings, discovery papers, and written motions. 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1141 (3d ed. 2002). The insurance denial notice at issue in the present case does not fall within these parameters, as it was mailed prior to the initiation of the lawsuit. Accordingly, Rule 6(d) is not applicable under the present

factual circumstances, and Plaintiff was not entitled to an additional three days in which to file her second Complaint.

Although the Court does not rely on the statute, MICH. COMP. LAWS § 500.2833 contains a one-year statute of limitations for the filing of homeowners' fire insurance claims. Typically, federal courts defer to state procedural rules when a case involves a state statute of limitations. See Walker v. Armco Steel Corp., 446 U.S. 740, 749 (1980); Ringrose v. Engelberg Huller Co., 692 F.2d 403, 405 (1982). However, where a state law is silent on the question of computation – as are the Michigan Court Rules – Rule 6(a) has been applied. See, e.g., Lewis v. City of Detroit, No. 05-70667, 2006 U.S. Dist. LEXIS 21564 at *17 n.5 (E.D. Mich. March 28, 2006).

Even if the Court applied Rule 6(a) in computing the expiration of the limitations period, Plaintiff's Complaint would have been untimely. Defendant mailed the denial notice on October 26, 2012, which triggered the period of limitations. See Saad v. Citizens Ins. Co. of Am., 227 Mich. App. 649, 652 (Mich. Ct. App. 1998). Plaintiff filed her first complaint on September 26, 2013, thereby tolling the limitations period. See Yeo v. State Farm Fire & Cas. Ins. Co., 242 Mich. App. 483, 484 (Mich. Ct. App. 2000). According to Rule 6(a), the Court is to exclude the day of the event that triggers the period and include the last day of the period (excluding weekends and legal holidays). Thus, between October 27, 2012, and September 26, 2013, the limitations period had run for 334 days. On December 13, 2013, Plaintiff dismissed her lawsuit. Therefore, the limitations period began to run again on December 14, 2013, and expired on Monday, January 13, 2014. Plaintiff did not file her second Complaint until January 15, 2014.

Regardless of the method of computation, Plaintiff's claim is untimely. Consequently, she has failed to demonstrate a palpable defect in the Court's order.

### IV. CONCLUSION

Accordingly, the motion is **DENIED**.

**IT IS SO ORDERED.**

Date: August 18, 2014

s/Marianne O. Battani
MARIANNE O. BATTANI
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 18, 2014.

s/ Kay Doaks
Case Manager